(118 App. Div. 210)

## PETERSON v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. March 8, 1907.)

STREET RAILROADS—INJURIES TO INFANTS—CONTRIBUTORY NEGLIGENCE—DUTY
TO LOOK AND LISTEN—INSTRUCTIONS.

> Plaintiff, an infant 6½ years old, but with sufficient age and discretion
> to appreciate to some extent the necessity for caution in crossing the street
> car track, was injured in attempting to cross in front of a car which was
> approaching him at a distance of not more than 15 feet. He attempted
> to cross between street crossings in daylight when the car was running
> slowly, and did not look in the direction of the car before attempting to
> cross. The court charged that there was no hard and fast rule requiring a
> person to look up and down the street when about to cross the track of
> a street surface railroad, and that, if the car was a sufficient distance
> away that a person exercising ordinary care might get across in safety,
> then the failure to look was not evidence of negligence. *Held*, that such
> instruction was erroneous and inappropriate, as plaintiff's failure to look
> was at least some evidence of negligence.

Appeal from Trial Term, New York County.

Action by Alvin Peterson, an infant, by Ida Peterson, his guardian
ad litem, against the Interurban Street Railway Company. From a
judgment in favor of plaintiff, and from an order denying defendant's
motion for a new trial, it appeals. Reversed.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRA-
HAM, HOUGHTON, and SCOTT, JJ.

Charles F. Brown, for appellant.

Henry S. Dottenheim, for respondent.

SCOTT, J. Appeal from judgment for personal injuries. Plaintiff
at the time of the accident was about 6½ years old, and was normally
bright for his age and accustomed to go into the street unattended. It
was conceded that "he was of sufficient age and discretion and intelli-
gence to appreciate to some extent the necessity for caution and the
necessity for exercising some judgment and discretion." The accident
occurred in the middle of the block, or at least some distance from the
cross-walk, at 6 o'clock in the afternoon of an August day, and con-
sequently in daylight. The car was running very slowly, and the boy
was crossing the street diagonally, so that his back was partly toward
the car. When the boy walked upon the track the car was very close to
him, certainly not more than 15 feet, and some of the witnesses say
not more than 8 or 10.

There was no evidence that the plaintiff exercised the slightest care,
or ever looked in the direction from which the car was coming before
he essayed to cross the track. If he had, in view of the concurrent
testimony as to the proximity of the car, it would have amounted to
heedless negligence to have attempted to cross in front of it, and the
complaint might well have been dismissed for lack of proof of plain-
tiff's freedom from negligence. But, if the court concluded to send the
case to the jury, the circumstances called for most careful instructions
relative to plaintiff's duty to exercise proper care. The main or
colloquial charge was unexceptionable, and when asked by defendant to
charge that, in finding whether the boy exercised reasonable care for

his own safety, the jury might consider the fact that there was no evidence that he looked for the car before going upon the track, the court did so, but supplemented this instruction by saying:

"I should add, in explanation of that instruction, that there is no hard and fast rule of law that requires a person to look up and down the street when about to cross the track of a street surface railroad. If the car, at the time a person undertakes to cross, is sufficiently far away that a person in the exercise of ordinary care may get across in safety, then the failure to look is not evidence of negligence. In a crowded city like this, if every person waited for a car to stop and slow up before they got across the street, they would be a good while in getting across; but it is proper that you should bear in mind all the evidence."

This modification of or supplement to defendant's request was duly excepted to, and, as we consider, calls for a reversal of the judgment. We are not prepared to hold that, even considered as an abstract proposition of law, the instruction was accurate. It is undoubtedly the duty of a person attempting to cross a railway track, whether in the city or the country, to exercise care to ascertain whether it is safe to make the attempt, and the failure to look for an approaching train or car must be considered as some evidence of negligence. Of course, it is not conclusive. It may well be that, at the time the foot passenger should have looked, the car was so far away that, even if he had looked, it would not have been imprudent to attempt to cross. In such a case the jury may consider that the failure to look was not the proximate cause of the accident, and this is undoubtedly what the learned court intended the jury to understand. But, whatever may be said as to the correctness of the abstract proposition, it was strikingly inappropriate to the facts shown by the evidence in this particular case, and its tendency was to lead the jury to believe that it was unimportant whether or not the plaintiff did, in fact, look for the car before going on the track.

The judgment and order must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.